1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    City of Tombstone,                  )    No. CV 11-845-TUC-FRZ
                                          )
10              Plaintiff,                )    **ORDER**
                                          )
11   vs.                                  )
                                          )
12                                        )
     United States of America,            )
13                                        )
                Defendant.                )
14                                        )
                                          )
15   _____)

16       On 6/17/14, the parties stipulated that the following communication could be relayed to

17   the Court:

18       Counsel for the parties have conferred and there is no objection to this communication
         . . . Plaintiff's statement of controverting facts [("PSCF")] [in opposition to
19       Defendant's motion for summary judgment ("MSJ")] will be supported by evidence
         (declarations, deposition excerpts and exhibits) that was previously filed in support of
20       the . . . motion for partial summary judgment [("PSJ")] [that was denied without
         prejudice] . . . Would you please clarify as to whether the Court's recent order (Dkt.
21       168) requires the re-filing of the previously filed evidence such that the same evidence
         will need to be docketed electronically again?
22
         The Court received this communication via the Court's official email inbox.  While the
23
     Court has no problem clarifying matters for the parties where such clarification is sought in
24
     good faith and is warranted (which are the circumstances in this communication), the Court
25
     is concerned that informal email or telephonic communications with the Court could give the
26
     appearance of impropriety either for the Court or the parties as to those not directly involved
27
     in this litigation.  To avoid any appearance of impropriety by anyone involved in this
28

litigation and to preserve a complete written record for the parties in the event of any appeals, all communications with the Court shall occur via a written motion officially filed into the docket.

The Court notes that the previous PSJ and the related documents were only denied without prejudice, and the documents were not stricken from the record.  As to the clarification at issue, Plaintiff need not re-file the previously filed evidence such that the same evidence will need to be docketed electronically again.  If Plaintiff is not submitting any new evidence as to the PSCF outside of what was already submitted in relation to the PSJ, Plaintiff need not submit new paper copies as to the PSCF.  However, the Court needs to be able to quickly identify and locate any paper copies of evidence cited in the PSCF in support of denying Defendant's MSJ; while the Court has retained the paper copies of the evidence submitted with the PSJ, Plaintiff will need to submit new paper copies or take other appropriate action (i.e., a new table of contents, chart, or other organizational tool)  if this is not possible based on the state of the PSCF and the paper copies already received as to the evidence related to the PSJ.

Lastly, the Court's standing orders as to paper copies and other administrative matters are amended and superceded as follows:

The parties must file a proposed order with any motion or stipulation filed with the Court and such documents must comply with the applicable  requirements in the local rules.  *See*, *e.g.*, LRCiv 5.4, 5.5, 7.1, 7.2; Electronic Case Filing Administrative Policies and Procedures Manual in the United States District Court for the District of Arizona ("Manual").   All proposed orders must be emailed to chambers (zapata_chambers@azd.uscourts.gov) in either Word or Word Perfect format. *See id.*; Manual at 12-13 (describing pertinent e-filing procedures in detail).  In addition, if a motion is opposed, the opposing party shall file and email to chambers a proposed order denying the motion.  To the extent the parties file any motions, responses, or replies as to substantive matters (such as motions for: injunctive relief, to dismiss, for summary judgment, to compel, sanctions, etc.), the parties shall email Word or Word Perfect copies of the motions, responses, or replies to chambers.  Lastly, the parties

shall also email Word or Word Perfect copies of any separate statement of facts in support of, or in opposition to, summary judgment or other dispositive motions. Paper copies of all filings must be mailed (except as noted below) to chambers (LRCiv 5.4); any motion, pleading, or other document which is submitted with more than one exhibit must be accompanied by a Table of Contents and the exhibits must be indexed with tabs which correspond to the Table of Contents.  Anytime a party files a motion, response, reply, or other brief with the Court, the party must mail the Court paper copies of all authority cited in the brief which shall be included in a binder with a table of contents and exhibit tags corresponding to the authority cited.  Such authority includes, but is not limited to, case law, rules, statutes, regulations, and treatises.   To the extent case law, rules, statutes, or regulations are cited, the entire case, rule, statute or regulation shall be included in the binder. The case law shall be organized in alphabetical order.  To the extent treatises are cited, only the section(s) relied upon shall be included in the binder.  As to all of the  authority cited which must be included in the binder, the parties shall also tag (with a post-it) the specific page(s) cited in their briefs and highlight (by circling with a pen or using a highlighter) the portion of the case, rule, statute, regulation, or treatise that supports the citations of authority relied upon in their briefs.  Within seven days after a document is filed, the parties shall provide the Court with paper copies in strict compliance with this Order and file a notice that they have strictly complied with the requirements in this Order; failure to timely file this required notice will be viewed as a party's admission that they have failed to comply with this Court's Order.[1]  If an emergency motion is filed (including, but not limited to, a motion for a temporary restraining order, preliminary injunction, emergency stay, or other motion that warrants expedited action) that requires more immediate attention from the Court, the parties shall provide the required paper copies no later than one business day (or sooner if possible) after the motion, response or reply is filed pertaining to any emergency motion.  If a party

---

[1]The parties are not required to provide paper copies of stipulations and unopposed motions to continue, and need not provide authority binders as to stipulations and unopposed motions to continue.

1  fails to submit the required authority binder and other paper copies required by this Order[2],

2  the Court may summarily deny or grant a motion as applicable to the party that failed to

3  comply with this Order, and the Court may dismiss the case with prejudice or enter a default

4  judgment as to the non-complying party.  Defendant shall comply with the provisions in this

5  paragraph as to its pending filings (i.e., Docs. 152, 153) by 6/30/14; Defendant has already

6  complied with the Court's revised Order other than emailing Word or Word Perfect copies

7  of these documents.  The parties shall comply with these provisions as to all future filings.

8

9         DATED this 18th day of June, 2014.

10

11

12                                    Frank R. Zapata
                                Senior United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26
_____

27      [2]On rare occasions, the Court may find it necessary to issue an Order before the deadline to
   the submit the required binders expires; in these circumstances, the binder requirement becomes
28  moot, and the parties are not required to submit binders.

- 4 -